EASTERN DIST.
*April*, 1839.

ROCHE'S HEIRS
*vs.*
GROYSILLIERE.
their legal mortgage within that time : *Held*, that the effect of the mortgage ceased and it could no longer be enforced against the property on which it previously existed.

ROCHE'S HEIRS *vs.* GROYSILLIERE.

ON AN APPLICATION FOR A RE-HEARING.

The article 3298, of the Louisiana Code, provides, that a mortgage exists without being recorded in favor of minors, interdicted or absent persons, on the property of their tutors, curators, and others, &c.; but this mortgage is limited by the code, and does not extend to the property of the *sureties* of tutors, curators, *ad bona*, &c.

*Hennen*, on behalf of the heirs of Walker, who intervened in this case, insisted, that the court overlooked the provisions contained in the article 3298 of the Louisiana Code, in rendering judgment, and solicited a re-hearing.

That article provides, that "a mortgage exists without being recorded, in favor of minors, interdicted or absent persons, on the property of their tutors, curators and others, over whose property the law grants them a tacit mortgage, either general or special." It also gives to the wife a mortgage on her husband's property, without being recorded, for the restitution of her dotal rights.

The intervenors believe, that this article, under the liberal interpretation given to it by this court in the case of *Pain* vs. *Perrot*, 10 *Louisiana Reports*, 300, is sufficient to establish the justness of their mortgage claim on the property of the surety of their tutor or curator *ad bona*, and respectfully ask,

ROCHE'S HEIRS
vs.
GROYSILLIERE.

that the judgment rendered in the case be corrected in this respect, or that a re-hearing be granted.

*Rost, J.,* delivered the opinion of the court.

The court did not overlook the article 3298 of the Louisiana Code, and if it was not referred to in the decision, it is because it could in no manner affect it. That article provides, that a mortgage exists without being recorded, in favor of minors, interdicted and absent persons, on the property of their tutors, curators and *others,* over whose property the law grants them a tacit mortgage, either general or special ; but articles 3283, 3284, and 3285 of the same code, explain and limit the meaning of the word *others,* and article 3280 precludes the idea that it was intended to embrace the legal mortgage existing in favor of minors, under the former laws of the country, upon the property of the sureties of curators *ad bona.* That article abrogates all the legal mortgages not expressly retained by the code, and that of minors upon the property of the sureties of curators among the rest. The law, therefore, as it now exists, far from granting them a mortgage, expressly refuses it ; and the words, *others over whose property the law grants minors a mortgage,* cannot by any sound or reasonable rule of construction, be made to extend to the surety of a curator, upon a bond signed, either before or since the adoption of the code. We would not willingly increase the number of legal mortgages beyond the cases clearly designated by law, nor do we feel ourselves at liberty to perpetuate by a forced construction, the liability of sureties.

The re-hearing is refused.